STATE OF MISSOURI, Respondent, v. PHILIP FALK, Appellant.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

Criminal Law : INDICTMENT FOR SELLING FLESH OF DISEASED ANIMALS. The ingredients of the offense under section 1597, Revised Statutes, 1879, as applied to this case, consist in (1) knowingly selling the flesh of cattle, dying with disease, or dying by other means than slaughter, and (2) failing to make such facts known to the purchaser of the flesh ; and an indictment that charges that defendant knowingly slaughtered and sold diseased cattle. but does not allege that the same was done without advising the purchaser thereof, is bad.

State v. Falk.

*Appeal from the Buchanan Circuit Court.*—Hon. Silas Woodson, Judge.

Reversed.

*Ryan & MacDonald*, for the appellant.

(1) The court should have sustained the motion in arrest of judgment, as the indictment failed to substantially charge in the language of the statute any public offense. The indictment does not charge, that, at the time of the alleged sale of the diseased meat, the defendant sold it without making its condition fully known to the purchaser. Neither does it charge a sale of the flesh of the alleged diseased animal to any person. The indictment should substantially follow the language of the statute, and the words "without making the same fully known to the purchaser," are an essential element of the crime and should be charged in the indictment. *State v. Stone*, 15 Mo. 352, side page 514; *State v. Byron*, 20 Mo. 132, side page 212; *State v. Carpenter*, 62 Mo. 594; *Commonwealth v. Boyton*, 12 Cush. 499.

No brief for the respondent.

GILL, J.—The defendant Falk was indicted, tried and found guilty, at the last March term of the Buchanan criminal court, of slaughtering and selling the flesh of diseased cattle, "contrary to the form of the statute in such case made and provided." Among other grounds urged for a reversal of the judgment of the criminal court, is that the indictment is insufficient, and in this we think the appellant is correct.

The section under which defendant was indicted reads as follows: "Every person who shall knowingly sell the flesh of any animal, dying otherwise than by slaughter, or slaughtered when diseased, or shall sell the flesh as of one animal, knowing it to be that of another species, or shall sell unwholesome bread or drink, without making the same fully known to the

purchaser; and any butcher or other person, who shall sell or offer to sell the meat of any calf, which was killed before it had attained the age of six weeks, shall be deemed guilty of a misdemeanor." R. S. 1879, sec. 1597.

The ingredients of the offense, as applied to a case of the kind at bar, consist in (1) knowingly selling the flesh of cattle, dying with disease, or dying by other means than by slaughter, and (2) failing to make such fact known to the purchaser of the flesh.

It was not intended by this statute to make it a crime for one to sell the carcass of an animal that may have been killed by accident or may have died with *disease* even, *except* upon a failure to advise the purchaser of such fact. The words of the section, "*without making the same fully known to the purchaser*," apply to the several clauses next preceding, and all of them. One to be guilty, then, of this statutory offense, must be guilty of the whole of it—of every part of it—must have knowingly sold the diseased flesh, and "*without making the same fully known to the purchaser*." 1 Bishop on Cr. Proc., secs. 1049 and 1051.

Now the indictment of the defendant Falk makes the charge that he knowingly slaughtered and sold diseased cattle, but *does not allege* that the same was done without advising the purchaser, and for that reason the indictment is bad. This element, of failure to inform the purchaser, is a component part of the defense and must be alleged. "All of the authorities agree that when the exception constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged." *State v. Meek*, 70 Mo. 357 ; *State v. O'Brien*, 74 Mo. 549.

The judgment of the criminal court is reversed. All concur.

ON MOTION FOR REHEARING.

The prosecuting attorney of Buchanan county, appearing for the first time in this court in this case, urges a rehearing, for the alleged reason that our construction of said section 1597, quoted in the foregoing opinion, renders the section "absurd and incapable of sensible and practical operation." The learned counsel for the state insists, that, in determining the meaning of this statute, we apply the rule, lately announced by the supreme court, to-wit: "A more liberal construction will be adopted, a construction which presumes that the legislature never intended to enact an absurd law, one incapable of sensible and practicable operation." It was in the light of this maxim of interpretation, and presuming the legislature did not intend the enactment of an "absurd law," that we construed the statute as was pronounced in the foregoing opinion. We thought, and yet remain of the same opinion, that the legislature did not intend to make it a crime for any person to sell the carcass of his cow, horse or hog, at the time run over and killed on a railroad or killed by any other violent means, even though he fully informed the purchaser of the facts nor did we think the legislature intended to deprive the owner of a right to sell his animal that may have fallen over a precipice, or that may have been afflicted with a cancer of the eye or "big jaw," if he warned the purchaser of the true condition. It is a matter of common knowledge that, in shipping hogs, sheep and cattle in crowded cars, some become suffocated and die (which is death "otherwise than by slaughter"), and it is well understood that such are utilized by soap manufacturers and the like, and did the legislature intend the sale of these suffocated animals as a crime, if the purchaser was made cognizant of the facts? We think not. No such absurdity was

contemplated, and if contemplated it is doubtful if the courts would give effect to a law so "absurd and incapable of sensible and practicable operation," and so antagonistic to the rights of individual property.

It is no objection to our construction of this statute to say that the clause, "without making the same fully known to the purchaser" is useless when applied to the offense of "selling the flesh as of one animal, knowing it to be that of another species." It is true that the offense *presumes* a failure to make known the character of the flesh. and it seems that it would be unnecessary in an indictment for such an offense to specifically charge that such was made "without making the truth known to the purchaser since the description of the offense includes, in every substantial matter," the idea of concealment of the true condition of the article sold.

On a reconsideration of the case, as induced by the motion and brief of the state's attorney, we feel strengthened in the position already taken, and therefore the motion for a rehearing is overruled.

*Rehearing denied, January 6, 1890.*