ABE MCNEIL v. THE STATE.

No. 6877. Decided May 31, 1922.

</div>

1.—Intoxicating Liquor—Manufacture—Indictment—Negative Averments— Conjunctive.

Where, upon trial of the unlawful manufacture of intoxicating liquors, it appeared that the indictment was presented before the amendment of Article 78, of the Acts of the Thirty-sixth Legislature, it was necessary that the indictment negative the exceptions. Following Robert v. State, 234 S. W. Rep., 289, and where the language used in the indictment was conjunctive and not disjunctive, same was bad on motion to quash.

2.—Same—Rule Stated—Negative Exceptions—Statutes Construed.

Where there are several exceptions, or provisos to the statute which fall within the rules requiring their negation, it must be alleged that the

accused comes within none of the exceptions. However, under the amended act, the negative averments are not now necessary, but are provable as defensive matter. It is not necessary to allege that the manufacture was for the purpose of sale.

Appeal from the District Court of Deaf Smith. Tried below before the Honorable Reese Tatum.

Appeal from a conviction of unlawful manufacture of intoxicating liquors; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*Stone, Miller & Guleke,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor.

There are several counts in the indictment. By election of the State, the first count alone was submitted to the jury. It contained the following language:

"  . . . in the County of Deaf Smith and State of Texas, did then and there unlawfully, and not for medicinal purposes, and not for mechanical purposes, and not for scientific purposes, and not for sacramental purposes, manufacture spiritous liquors capable of producing intoxication."

A motion to quash the indictment was presented and overruled. In the motion, the sufficiency of the indictment was challenged upon the ground that in negativing the statutory provisions, the language used was conjunctive and not disjunctive.

The indictment was presented before the amendment of Article 78 of the Acts of the Thirty-sixth Legislature, 2nd Called Session, by the passage of Chap. 61 of the Acts of the Thirty-seventh Legislature. Under Chap. 78, before it was amended, it was necessary that the indictment negative the exceptions. This was held in Robert v. State, 90 Texas Crim. Rep., 133. The language selected in which to couch the indictment under consideration was not in compliance with the requirements of the indictment stated. The indictment should have been so framed as to aver that appellant manufactured intoxicating liquors under circumstances that did not bring him within any one of the exceptions which made his act lawful. Under the law, if the manufacture of intoxicating liquors was for any one of the permitted purposes, it was not unlawful. In other words, under an indictment properly drawn, the accused might defend himself by showing that while he manufactured the liquor, he did so for one of the lawful purposes. Robert v. State, supra. To meet the averments of the indictment in the instant case, it would have been necessary to show that the liquor was

manufactured for each and all of the permitted purposes. At least, it is subject to that interpretation. Citing many cases, the note in State v. Paige, 6 Amer. & Eng. Ann. Cas., 730, states the rule thus: "When there are several exceptions or provisos to the statute which fall within the rules requiring their negation, it must be alleged that the accused comes within none of the exceptions."

The cases supporting this rule are: Thompson v. State, 37 Ark., 408; Com. v. Hildreth, 33 S. W. Rep., 838; State v. Thomas, 90 Maine, 226; Com. v. Hart, 11 Cush. (Mass.), 130; State v. Falk, 38 Mo. App., 554; State v. Meek, 70 Mo., 357; State v. Abbott, 31 N. H., 434. In our judgment, the court was in error in failing to sustain the motion to quash the count in the indictment in question.

Under Chap. 78 of the Acts of the Thirty-sixth Legislature, supra, it was unlawful to manufacture intoxicating liquors except for medicinal, mechanical, sacramental or scientific purposes. Under that statute, it was necessary that the indictment contain negative averments showing that the manufacture was for any one of these purposes. Chap. 61, Acts of the Thirty-seventh Legislature, 1st Called Session, changed the law with reference to the unlawful manufacture of intoxicating liquors only in the particular that under the new law it is not necessary that it contain the negative averments. The point made by appellant that under the new law it is lawful to manufacture liquors other than for the purpose of sale, we think, is not sound. In Sections 1 and 2 of Chap. 61, supra, it is declared that the manufacture of such liquor is unlawful and in Section 2a it is said that it shall not be unlawful for any person to manufacture such liquors subject to the provisions of this Act. Other subdivisions of the Act show clearly that it was the legislative intent that the offense of manufacturing liquors, as contained in the new law, consist of the same elements as composed that offense in the old law, save that in the pleading under the new law, the negative averments were not necessary. Being in a separate section, they were not a part of the definition of the offense, but are provable as defensive matter.

Because of the error of the court in failing to sustain appellant's motion to quash the count in the indictment under which the prosecution rests, the judgment is reversed and the cause remanded.

*Reversed and remanded.*