### P. T. Davis v. The State.

No. 7586.　Decided May 2, 1923.

1.—Transporting Intoxicating Liquor—Indictment—Negative Averments—Disjunctive.

Where the indictment is attacked on the ground that using the conjunction "and" forces defendant before his defense would be complete to show the transaction for all of the excepted purposes, whereas the transportation for any one of them is a complete defense under the statutes, and the motion to quash must be sustained. Following McNeil v. State, 241 S. W. Rep., 1022, and other cases.

2.—Indictment—Practice on Appeal.

On account of the necessary disposition of the case because of the defective indictment the question of accomplice is not discussed.

Appeal from the District Court of Lamar. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of transporting liquor; penalty two years in the penitentiary.

The opinion states the case..

*Sturgeon and Sturgeon,* for appellant.   Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, Punishment assessed is two years in the penitentiary.

The indictment was returned in October, 1921, and alleged the offense to have been committed on October 9th, 1921.   This was before the amendment to the "Dean Liquor Law" passed by the Thirty-seventh Legislature, page 233, 1st and 2d C. S. became effective.   To charge an offense under the then existing law (Chapter 78, Sec. 31, C. S. 36th Legithlature,) it was necessary to negative the exceptions in the indictment.   The pleader in the present case undertook to do so, and alleged that appellant transported intoxicating liquor "not for medicinal, mechanical, scientific *and* sacramental purposes."   The indictment is attacked on the ground that using the conjunction "and" forces appellant before his defense would be complete, to show the transportation for *all* of the excepted purposes, whereas the transportation for any *one* of them is a complete defense under the statute.   Appellant's contention has been sustained in McNeil v. State, 92 Texas Crim. Rep., 198, 241 S. W. 1022, and O'Neal v. State, 92 Texas Crim. Rep., 91, 242 S. W. 238.

Appellant raises the question that the witness Parker is an accomplice, and that by his testimony alone does the state undertake to connect appellant with the illegal transportation of whisky.   On account of the necessary disposition of the case because of the defective indictment we do not discuss the other point mentioned.   If there should be further prosecution, and the evidence on another trial raises the issue it will doubtless be properly cared for.

The judgment must be reversed and the prosecution ordered dismissed under the present indictment.

*Reversed and dismissed.*