LEO BRADEN v. THE STATE.

No. 8119. Decided March 26, 1924.

1.—Transporting Intoxicating Liquor—Date of Offense—Negativing Exception —Indictment.

Where the date of the offense as laid in the indictment was prior to the taking effect of the amendment to the Dean Law which placed the exceptions to the statute in a separate section of the law from the enacting clause, it has been held uniformly that it is not necessary to negative such exceptions in the indictment.

2.—Same—Indictment—Motion to Quash—Conjunctive Allegations.

Where a motion was made to quash the indictment because the exceptions were negatived conjunctively, the word "and" being used instead of the word "or," the same is reversible error on motion to quash. Following: Davis v. State, 94 Texas Crim. Rep., 300, 250 S. W. Rep., 1029.

Appeal from the District Court of Lamar. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of unlawful transportation of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Lamar County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The date of the offense as laid in the indictment was prior to the taking effect of the amendment to the Dean Law in November, 1921, which placed the exceptions to the statute in a separate section of the law from the enacting clause, since which time we have uniformly held it not necessary to negative such exceptions in the indictment. A motion was made to quash this indictment because the exceptions were negatived conjunctively, the word "and" being used instead of the word "or". The learned trial judge erroneously overruled the motion to quash based on said defect in the indictment, for which error the judgment of the trial court must be reversed and the prosecution ordered dismissed. Davis v. State, 94 Texas Crim. Rep., 300, 250 S. W. Rep., 1029 and authorities there cited, supports the proposition advanced.

For the reason mentioned the judgment of the trial court will be reversed and the prosecution ordered dismissed.

*Dismissed.*