## P. ROBERT V. THE STATE.

No. 5970.   Decided January 26, 1921.

Rehearing Granted April 27, 1921.

Rehearing Denied October 5, 1921.

**1.—Intoxicating Liquors—Recognizance—Practice on Appeal.**

There is no such offense, *eo nomine*; as violation of liquor law, and where the recognizance does not set out whether the conviction was for a felony or a misdemeanor, the same is insufficient.   However, the defect having been remedied, the cause is decided on its merits.

**2.—Same—Statutes Construed—Intoxicating Liquors.**

The court does not discuss the various matters raised by appellant involving the validity of what is known as the Dean Act, Second Called Session, thirty-sixth Legislature, as the same is disposed of in Ex Parte Gilmore, 88 Texas Crim. Rep. 529.

**3.—Same—Charge of Court—Burden of Proof—Legislative Exceptions.**

Where, upon trial of violation of the so-called Dean Act, the court instructed the jury that the State is not required to prove in the first instance that the manufacture of vinous liquor capable of producing intoxication, or the possession of any equipment for making such vinous liquor, or whisky, was not for either medicinal, mechanical, scientific, or sacramental purposes; but when the evidence showed that the defendant manufactured such liquor, or did possess equipment for making such vinous liquor, or whisky, then the burden is on the defendant to show that such manufacture, or possession, was for either mechanical, medicinal, scientific, or sacramental purposes, there was no reversible error.   Following State v. Duke, 42 Texas, 455, and other cases.

Appeal from the Criminal District Court of Harris.   Tried below before the Honorable W. C. Robinson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Harry C. Gerlach,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, and *R. H. Hamilton,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—In this case the State moves to dismiss the appeal because of a defective recognizance.   Said recognizance is as follows:   "This day came into open Court, P. Robert, defendant, in the above entitled cause, who, together with Frank Bonno, Joe Navarro, and J. G. Trapolino, his sureties, and acknowledge themselves

indebted to the State of Texas, in the *penaul* sum of Two Thousand ($2,000.00) Dollars, conditioned that the said P. Robert, who stands charged in this Court with the offense of violation of the Liquor Law, and who has been convicted of said offense in this Court, shall appear before this Court from day to day and from term to term of the same, and not depart without leave of this Court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas, at Austin, in this case." It will be observed that this recognizance does not state that the Appellant had been charged with, or convicted of any offense known to our law. We have no such offense *eo nomine* as "violation of liquor law," nor does said recognizance set out whether said charge and conviction was for a felony or a misdemeanor. Same is insufficient under our statutes and all the authorities. Articles 903 C. C. P.; Willoughby v. State, 87 Texas Crim. Rep., 40, 219 S. W. Rep., 468; McKey v. State, 87 Texas Crim. Rep., 228, 220 S. W. Rep., 549.

The motion is sustained and the appeal dismissed.

*Dismissed.*

ON REHEARING.

April 27, 1921.

LATTIMORE, Judge.—At a former day of this term because of a defect in appellant's recognizance this case was dismissed, but said defect having been remedied, the cause is reinstated and now decided upon its merits.

We do not discuss the various matters raised by appellant involving the validity of what is known as the Dean Act, Second Called Session, Thirty-sixth Legislature, p. 228, inasmuch as same were fully discussed and disposed of in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

Appellant excepted to the following part of the charge of the trial court: "The State is not required to prove in the first instance that the manufacture of vinous liquor capable of producing intoxication or the possession of any equipment for making such vinous liquor or whisky was not for either medicinal, mechanical, scientific, or sacramental purposes; but when the evidence shows that the defendant manufactured such vinous liquor or did possess equipment for making such vinous liquor or whisky, then the burden is on the defendant to show that such manufacture or possession was for either mechanical, medicinal, scientific of sacramental purposes." That part of the charge quoted does not present a correct statement of the law. The State must allege and proof show that in a cause such as the one now before us, where the charge is a violation of one of the acts forbidden in Secs. 1 and 2 of said Dean law, that the act charged was not for one of the excepted purposes. Reeves v. State, 88 Texas Crim. Rep., 444,

227 S. W. Rep., 668; Banks v. State, 89 Texas Crim. Rep., 438, 227 S. W. Rep. 670. No rule can be laid down as to the facts necessary in a given case to show that the manufacture, sale, transportation, etc., of such intoxicating liquor was not for one of the said excepted purposes, but it is our opinion that the record must contain sufficient proof of the negative of said exceptions, to support such finding by the jury. A general charge placing the burden of proof upon the State as to all the facts in the case, is sufficient in ordinary cases; but a charge shifting the burden of proof and placing same upon the defendant as to any matter necessary to be alleged, and which is not made by statute a defensive issue, is erroneous.

For the error of said charge the judgment must be reversed and the cause remanded, and it so ordered.

*Reversed and remanded.*

ON REHEARING.

October 5, 1921.

LATTIMORE, JUDGE.—In its motion for rehearing the State urges that the great weight of authority is in favor of the proposition that the burden of proof is on the accused to show himself to be within the exceptions, when the prosecution is under a statute such as the one under consideration, and that we were wrong in holding in our original opinion that the burden of proof was upon the State. We have carefully examined the authorities cited and many others. While the exact question is without precedent in this State, we are led to believe that the contention of the State should be upheld.

In pistol carrying cases it was held under the law as same formerly was in this State, that the exceptions contained in the statute must be negatived in the indictment, but that such negative need not be proved by the State, the burden being on the accused to show himself within such exception. State v. Duke, 42 Texas, 455; Summerlin v. State, 3 Texas Crim. App., 444; Leatherwood v. State, 6 Texas Crim. App., 247; Lewis v. State, 7 Texas Crim. App. 567; Blair v. State, 26 Texas Crim. App., 387.

In cases for selling liquor without license, this court seems to have always held that the indictment must aver a sale without license but that the burden of proving license is on the accused. Lucio v. State, 35 Texas Crim. Rep., 320; Milam v. State, 66 Texas Crim. Rep., 249.

Where the accused has been charged with selling liquor to a minor, while the holding is that the indictment must negative the fact of such written consent, the burden of showing that he had same is on accused. Reynolds v. State, 32 Texas Crim. Rep., 36; Jones v. State, 12 Texas Crim. Rep., 108; Kuhn v. State, 34 Texas Crim. Rep., 85; Sec. 1261, Bishop on Statutory Crimes.

Where the facts necessary to support such negative averment lie peculiarly within the knowledge of the accused, the burden of proving same is cast on him. Joyce on Intoxicating Liquors, Sec. 686; Wharton's Crim. Law, Sec. 1790; Greenleaf on Ev., 2nd Ed., Vol. 3, Sec. 24; Best on Evidence, Secs. 341-342; Underhill on Crim. Evidence, Sec. 24; Rice on Crim. Evidence, Vol. 2, pp. 425-426; Bishop on Statutory Crimes, Secs. 1280-1281; Black on Intoxicating Liquor, p. 597; 12 Cyc, pp. 381-382; 16 Corpus Juris, Sec. 535; Jones v. State, 13 Texas Crim. App., 1. These authorities cite many others in other states in support of their conclusions. While the analogy of the principle laid down is not exact when applied in the instant case, still rightly understood we believe same strengthens the view that the burden of proving himself within an exception, such as is contained in the Dean law and which relates almost entirely to the purpose of the accused in doing the act charged, should be placed upon the accused. Proof that one is a peace officer,—that another had license to sell liquor,—and that yet another had written consent to sell liquor to a minor, would not seem to be so peculiarly within the knowledge of the accused as the fact that he was making, selling, transporting, etc., liquor for medicinal, sacramental, etc., purposes. All these authorities seem to agree that the burden of proof is on the accused in the classes of cases for which the reason given would appear to be less strong, and this argues forcibly the reason for applying the rule in the class of cases where the reason appears greater, as in the instant case.

We have concluded that we were in error in our opinion on this point, and that the trial court committed no error in instructing the jury that the burden of proof was upon the appellant as to the matters contained in said exceptions. As the case was reversed solely on this error and we find no other in the record, the motion for rehearing of the State will be granted, the judgment of reversal set aside, and the cause affirmed.

*Affirmed.*