## Harry Reeves v. The State.

### No. 5859. Decided February 2, 1921.

**1.—Intoxicating Liquors—Transporting—Receiving—Constitutional Law.**

The power of the Legislature of this State to make a given act penal is not limited to the permission of the Constitution, and exists in all cases except where specifically forbidden by the terms of that instrument; and under the amended section, 20, Article 16, of the Constitution, the manufacture, sale, barter, and exchange of intoxicants in this State, except for certain purposes, is forbidden, the Legislature was authorized to make such acts penal, as provided in the so-called "Dean Law."

**2.—Same—Transporting, Receiving, and Possessing Intoxicating Liquors.**

No argument is needed to make it clear that a law forbidding the transporting, receiving, or possession of intoxicating liquor, is an aid to and in furtherance of the prohibition of illegal sale and manufacture of such liquor. And likewise, that a law forbidding the sale of beverages containing any alcoholic content would have the same tendency.

3.—Same—Per Cent of Alcoholic Content—Constitutional Law.

There is nothing in our present Constitution which forbids the Legisla- ture from making penal the sale of liquor for beverage purposes containing less than one per cent alcoholic content, nor forbidding them to make illegal the transportation, possession, or delivery of such liquor.

4.—Same—Indictment—Negative Allegations—Statutes Construed.

Where, in a prosecution under what is known as the Dean Law, Acts Second Called Session Thirty-sixth Legislature, Page 228, the indictment failed to negative the exception set out in the enacting part of the law, that is, for medicinal, mechanical, scientific, or sacramental purposes, as set out in the first section of said act, the same was bad on motion to quash, and the prosecution must be dismissed.

Appeal from the District Court of Upshur. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of transporting, receiving, and possessing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Hart & Maberry, C. E. Florence,* and *Maberry & Maberry,* for appellant.—On question of indictment: Cited Lockett v. State, 40 Texas, 4; Thompson v. State, 16 Texas Crim. App., 159; Bryan v. State, 54 Texas Crim. Rep., 59; Strickland v. State, 19 Texas Crim. App., 519; Kennedy v. State, 216 S. W. Rep., 1086.

On question of unconstitutionality of the law: James v. State, 78 S. W. Rep., 951; Jannin v. State, 51 S. W. Rep., 1126.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, J~~UDGE~~.—Appellant was convicted in the District Court of Upshur County of transporting, receiving, and possessing intoxicating liquor and his punishment fixed at one year in the penitentiary.

An interesting question is raised by appellant which we will notice— viz., that transporting, receiving, and possessing intoxicating liquor not being named and forbidden in amended Section 20, Article 16 of our Constitution, it is beyond the power of the Legislature to make such act. penal. It is also contended that liquor containing only one per cent alcohol is a non-intoxicant, and inasmuch as the said amended section 20 only prohibits the sale of intoxicants, the Dean law, *infra,* in so far as it forbids the sale of liquor with alcoholic content of one per cent is unconstitutional as going beyond the forbiddance of said amendment. The power of the Legislature of this State to make a given act penal, is not limited to the permission of the Constitution and exists in all cases except where specifically forbidden by the terms of that instru-

ment. Amended section 20, *supra,* prohibits in terms the manufacture, sale, barter, and exchange of intoxicants in this State except for certain purposes, and authorizes the Legislature to enact laws to enforce said section. No argument is needed to make it clear that a law forbidding the transporting, receiving, or possessing of intoxicating liquor, would be in aid and in furtherance, of, and make more effective the prohibition of the illegal sale and manufacture of such liquor— likewise, that a law forbidding the sale of beverages containing any alcoholic content would have the same tendency. With transportation, possession and delivery made illegal, the manufacture and sale illegally of such liquors would be hindered and made more difficult. Likewise, forbidding by law the sale, manufacture, and transportation, etc., of liquor of less alcoholic content than would be necessary to make it an intoxicant might materially reduce the insiduous use and effect upon the body and appetite of the citizen, of those liquors whose continued use would ultimately demand stronger potations; and thus the manufacture and sale of intoxicants would be hindered and made more difficult.

We are not discussing the question as to whether liquor of one per cent alcoholic content is intoxicating.

We find nothing in our present Constitution which forbids the Legislature making penal the sale of liquor for beverage purposes containing less than one per cent alcoholic content, nor forbidding them to make illegal the transportation, possession or delivery of such liquors.

The indictment herein contained two counts and the conviction was had under the first, in which it was simply charged that on December 10, 1919, the appellant did unlawfully transport, receive, and possess spirituous, vinous, and malt liquor capable of producing intoxication. Appellant made his motion to quash, based on the failure of the pleader to allege that such possession, receiving, and transporting was not for medicinal, mechanical, scientific, or sacramental purposes. We think the trial court committed error in overruling this motion.

This prosecution was under what is known as the Dean Law—Act Second, Called Session, Thirty-sixth Legislature, page 228. The first section of said act penalizes one who "transports, receives, or possesses spirituous, vinous, or malt liquors capable of producing intoxication except for medicinal, mechanical, scientific, or sacramental purposes." It thus appears that in the body of the act—the section defining the offense, and as a necessary part of such definition—it is declared that a certain thing is penal only when same falls outside certain named exceptions. Under our local option statute the sale of liquor was made penal by one article, and in a later article instances were provided in which such liquor might be sold without criminality. The same situation prevails in regard to our law regulating the cerrying of pistols; also that with regard to laboring on Sunday, as well as others. There seems reason and precedent for holding that in these illustrative cases just mentioned and those similar, where the exception is in a separate

article, that it was not the intent of the law-makers to make the negative of the exception a necessary part of the definition of the offense, and therefore that it was not necessary to negative such exceptions in an indictment charging the violation of such law. We have been unable to find any well considered case, however, which supports the proposition that when the exception is written into what has been called the enacting part of the law—that is in the very definition of the offense—that an indictment need not negative such exception. We think it should.

The need of negativing the exception in the indictment in a prosecution of one who practices medicine or does any other act for which a license or permit is required, for doing such act without such permit or license, or in the prosecution of one who engages in any business for which license is required for carrying on such business without having same, or one who plays a game of cards *not in a private residence* or who carnally knows a female under the age of consent *not his wife,* are but illustrations which might be lengthened without adding force to our opinion that the exception in such case must be negatived in the indictment. As stated, we think reason and precedent support this position, and that this is a fatal defect in the instant indictment.

We do not deem it necessary to discuss any of the other matters raised by appellant. For the defect in the indictment mentioned the cause is reserved and the prosecution ordered dismissed.

*Dismissed.*