### J. W. SPAIN v. THE STATE.

#### No. 6319.    Decided June 15, 1921.

**Murder—Manslaughter—Insufficiency of the Evidence—Self-defense.**

Where, upon trial of murder and a conviction of manslaughter, it appeared from the evidence that defendant acted in his own necessary self-defense, the judgment of conviction must be reversed and the cause remanded.

Appeal from the District Court of Rusk. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of manslaughter; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*R. T. Brown, W. E. Stone,* and *J. Y. Gray,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of manslaughter in the District Court of Rusk County, and his punishment fixed at two years in the penitentiary.

There are a number of errors raised by appellant, none of which present questions of any general interest, and none of which will be discussed in view of our disposition of this case. The case must be reversed for the insufficiency of the testimony. Appellant was charged with the murder of one Draper. The undisputed testimony showed that on the night of the unfortunate occurrence appellant was giving a dance at his home. That Draper came in a car. He was drinking. His reputation in evidence was that of a dangerous and violent man when under the influence of liquor. His condition was such that the young ladies present declined to dance with him. After remaining a short time, he left and went down to a near-by creek where a party of his friends were fishing, they having on their fishing clothes. The party took more drinks. Presently they all returned to appellant's house, the fishing party coming in their car with their fishing clothes on. Their conduct at appellant's home was such as caused him to remonstrate with them, and ultimately to induce the fishing party to leave. They were cursing and boisterous. After they left some one asked appellant if he had gotten that rough bunch to go away. He made some reply. Deceased, who was standing in the yard near by, said to appellant that he belonged "to that damned bunch" and started at appellant. The two men were close together. One witness said appellant advanced to meet deceased. When they were about four feet apart a shot was fired. There was considerable evidence to the effect that said shot was fired by a man who was with deceased and whose pistol was found in the car of deceased shortly after the homicide, with one freshly fired shell in the cylinder. This is not material as we view it. There were two shots fired in all according to the testimony of all the witnesses. Deceased was shot in the neck and died almost instantly. Every witness who testified said that a knife, identified beyond doubt as that of deceased, was found by his body immediately after the killing. Every witness but one testified that when found the knife was open. All the witnesses agree that immediately after the shooting appellant exclaimed that he had to kill deceased who was coming at him with a knife. There is no contradiction of this, and nothing in the evidence that appears in any way to controvert the truth of the proposition. The State only introduced two witnesses, only one of whom was an eye-witness, and he testified that when deceased made the remark to appellant that he was one of that damned bunch, that he at once made a "dive" at appellant. Appellant's reputation as a peaceable law-abiding citizen was established beyond question.

We have reviewed the evidence carefully and can find nothing therein suggesting or supporting any theory except that appellant cated in his own necessary self-defense, and in the protection of his life from an assault with a deadly weapon in the hands of a man under the influence of intoxicating liquor, who was, when in that condition, a dangerous and violent man. We regret when necessity arises for us to declare our disagreement with the result of a jury's verdict, but believing this to be one of those rare cases in which our duty requires us so to do, it is ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*