E. C. CARLSON v. THE STATE.

No. 5977.     Decided June 15, 1921.

Pure Food Law—Information—Constitutional Law—Police Power.

Where defendant was charged with a violation of the pure food law, Acts of the Thirty-Fifth Legislature, and the information failed to allege that any regulation had been made or promulgated, attempting to make unlawful the acts which are described in the pleading, the same was insufficient, and it is not necessary to discuss the constitutionality of the law. Following Ex parte Leslie, 87 Texas Crim. Rep., 476.

Appeal from the County Court of Tarrant. Tried below before the Honorable Hugh L. Small.

Appeal from a conviction of a violation of the pure food law; penalty, a fine of $200.

The opinion states the case.

*Moses & Rowe,* and *Burney Braley,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—It is charged in the information that the appellant:

". . . did then and there expose for sale, offer for sale and did then and there sell 8 loaves of bread, said 8 loaves of bread being then and there 7 pounds and 10 ounces in aggregate weight, and said loaves of bread not being then and there three pounds or 48 ounce loaves of bread, and not being then and there two pounds or 32 ounce loaves of bread, and not being then and there one and one-half pound or 24 ounce loaves of bread, and not being then and there one pound or sixteen ounce loaves of bread."

He was convicted of a misdemeanor and punishment fixed at a fine of $200.

The conviction, we assume, is under Chap. 131, Acts of the Thirty-sixth Legislature. This Act, in Section 1, adopts the standard of weights and measures adopted and used in the United States as the legal standard of weights and measures in this State, with the proviso that upon the commodities upon which no standard is fixed by Congress, that fixed by the State shall obtain. The office of State Superintendent of Weights and Measures is established by the Act. The standard of weights and measures approved by the United States Congress, June 14, 1836, with such addenda as may have been provided by Congress, is adopted.

Section 5 provides for the safe-keeping of the standards established and contains the following:

"The State Superintendent of Weights and Measures shall establish tolerances and specifications for commercial weighing and measuring apparatus for use in the State of Texas, similar to the tolerances and specifications recommended by the national bureau of standards and he may establish a standard net weight or net count of any commodity, produce, or article and prescribe such tolerances for same as he may in his best judgment deem necessary for the proper protection of the public. Any person violating such standards or tolerances shall be guilty of misdemeanor and punished by a fine, or a fine and imprisonment, as hereinafter provided and set forth."

Many other provisions are contained in the Act, including Section 29, which prescribes the penalty. No provision of the law establishes

the weight of bread, nor is there named in the law any allowed amount of variation from any standard fixed by the statute. If the sale of bread described in the information is a violation of the law, it becomes so by reason of the operation of the law upon some act done by the State Superintendent of Weights and Measures in accord with the part of Section 5 which we have quoted.

Neither by averment nor proof is it shown in the record that any tolerances or specifications concerning bread had been established by the Superintendent of Weights and Measures at the time the unlawful act is charged to have been committed. Relying upon a violation of the order and regulation made by the Superintendent of Weights and Measures, it would be essential that the State should disclose by averment the making of the order and establish by proof the allegation thus made. In the absence of these requisites no case is made against the appellant.

Whether the subject is within the police power inherent in the Legislature under the constitution and whether, if it is, the statute in question manifests a proper exercise thereof are questions, the decision of which are not necessary and a discussion of them is pretermitted. (See Ex parte Leslie, 87 Texas Crim. Rep., 476, 223 S. W. Rep., 227). Having reached the conclusion that the judgment of the trial court must be reversed and the prosecution ordered dismissed for the reason that it is neither alleged nor proved that any regulation had been made or promulgated attempting to make unlawful the acts which are described in the pleading, the interest apparent in the appellant demands no further action upon the part of the court.

For the reasons stated, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Dismissed.*