### H. C. McNeil v. The State.

No. 6870.    Decided April 5, 1922.

**Manufacture of Intoxicating Liquors—Indictment—Negative Exceptions—Burden of Proof.**

Where, upon trial of manufacturing intoxicating liquor, the prosecution must of necessity proceed under the old law as afterwards amended, which prohibited the manufacture of spirituous liquors capable of producing intoxication except for medicinal, mechanical, scientific or sacramental purposes, which were embraced in the same section and part of the definition of the offense, it is necessary to negative such exceptions, although the burden of proof is on the defendant, and where the indictment failed to negative such exceptions, the same was insufficient, and fatally defective.

Appeal from the District Court of Deaf Smith. Tried below before the Honorable Reese Tatum.

Appeal from a conviction of the illegal manufacture of intoxicating liquors; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Stone, Miller & Guleke,* for appellant.—Cited Gardner v. State, 229 S. W. Rep., 856; King v. State, 234 id., 1108; McCowan v. State, 234 id., 887; McClure v. State, 231 id., 774; Reeves v. State, 227 id., 169.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, PRESIDING JUDGE.—Conviction is for the manufacture of intoxicating liquor. Punishment was assessed at confinement in the penitentiary for four years.

The indictment was returned November 5th, 1921, and contained eleven counts, all charging the date of the alleged offense to have been June 22d, 1921. The Act of the thirty-seventh Legislature, Chapter 61, page 233, 1st and 2d Called Sessions, 1921, amendatory of Sections 1 and 2, Chapter 78 of the 2d Called Session of the thirty-sixth Legislature did not become effective until November 15th, 1921, so the prosecution of necessity proceeded under the law as it was enacted by the thirty-sixth Legislature. Section 1 of that Act prohibited the manufacture of spirituous liquor capable of producing intoxication, "except for medicinal, mechanical, scientific or sacramental purposes." The "exceptions" were embraced in Section 1, and were a part of the definition of the offense.

When the statute in defining an offense contains exceptions or provisos which constitute a part of its description, it is necessary to negative such exceptions or provisos for the reason that the offense may not be described without doing so. (For many authorities see Branch's Ann. P. C., Section 510). Following the well established authorities we held in Robert v. State, 90 Texas Crim. Rep., 153; 234 S. W. Rep. 89, that it was necessary in an indictment to negative the exceptions in charging an offense under the Acts of the Thirty-sixth Legislature, but further held that, while because of the wording of the Act, it was necessary or the State to negative the exceptions, still the burden was on accused to show he fell within one of the excep-

tions, thus modifying our former holding that the burden in this regard was on the State.

The second count in the indictment in the instant case (and the only one submitted to the jury) failed to negative the exceptions, but alleged only the manufacture of spirituous liquors capable of producing intoxication. In submitting the case to the jury, the trial judge followed the allegations, and made no mention of the exceptions either in defining the offense or making application of the law.

We apprehend the count in question must have been drawn under the amended law of the Thirty-seventh Legislature, but that amendment not being in effect when the offense was alleged to have been committed, nor even when the indictment was found, the former law would control, and we are therefore constrained to hold that the count upon which appellant was convicted was fatally defective, and charged no offense against the law as then written.

It follows that the only order this court can make is to reverse the judgment of the trial court, and direct a dismissal of the prosecution.

*Reversed and dismissed.*