## JACK O'NEAL v. THE STATE.

### No. 7013.   Decided June 7, 1922.

**Unlawful Manufacture of Intoxicating Liquors—Negative Averments.**

The statute with reference to the manufacture of intoxicating liquor has been amended, and under the present statute it is not necessary to make negative averments, but where the conviction rested upon the law before it was amended, the indictment must comply with its provisions, and the same is bad in that instead of using the disjunctive word it uses the conjunctive, and thereby fails to comply with the terms of the statute, requiring that the exceptions be negatived.   Distinguishing Bell v. State, 323 S. W. Rep., 232; Following Robert v. State, 234 S. W. Rep., 89.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskett & Delee,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The judgment condemns appellant to confinement in the penitentiary for a period of one year for the unlawful manufacture of intoxicating liquor.

In the indictment it is charged that appellant manufactured intoxicating liquor "not then and there manufactured for mechanical, medicinal, scientific and sacramental purposes."

At the time the offense is charged to have been committed, it was denounced by Chap. 78, Acts of the Thirty-sixth Legislature, 2nd Called Session.   That act was so framed as to make the exceptions a part of the definition of the offense and rendered it essential to the sufficiency of the indictment that it contain an appropriate averment negativing the exceptions.   This question was thoroughly considered in Robert v. State, 90 Texas Crim. Rep., 133.   The statute has since been amended, and the definition of the offense so changed that it is not, under the present statute, necessary to make the negative averments. See Chap. 61, Acts of the Thirty-seventh Legislature.   The present conviction, however, resting upon the law before it was amended, the indictment must comply with the provisions of Chap. 78, supra.

Appellant insists that the present indictment is bad in that instead of using the disjunctive word, it uses the conjunctive and thereby fails to comply with the terms of the statute requiring that the exceptions be negatived.   That is to say, the statute demanded in substance that the indictment aver that the liquor was not manufactured for *any*

of the purposes permitted by law, while the meaning of the averment in the indictment is that the liquor was not manufactured for *all* of the purposes permitted by law. It was held in Bell v. State, 88 Texas Crim. Rep., 507, (228 S. W. Rep., 232), that such averments, while not correct, were not harmful. The reasoning upon which that conclusion was reached is thus stated:

"Under our decisions the burden is not on the defendant to prove that the sale was made under some one of the named exceptions, and that he is therefore not guilty, but is on the state to prove that it was not under any of them."

Subsequent to the decision in Bell's case, the subject was reviewed upon motion for rehearing in Robert v. State, supra, and we there held that it was necessary that the indictment be so framed as to charge that the manufacture of the liquor was not authorized under *any* of the exceptions named in the statute, but that the burden was not upon the State to establish that as a fact, but it being peculiarly within the knowledge of the accused, the burden was upon him to show that his act was authorized under some one of the exceptions named in the statute. The reason, therefore, that impelled the decision in Bell v. State, supra, in view of more mature consideration of the matter in Robert's case, supra, is a reason for holding the averment in the instant case insufficient.

The legal effect of the conjunctive allegation of the exceptions, as in the instant case, is to charge that the appellant did not manufacture said liquor for *all* of such purposes; while the legal effect of a disjunctive averment would be to show that he did not manufacture such liquor for *any* of said purposes; that is, it would charge an offense. The former would not necessarily do so because under the former, it might appear that he had manufactured the liquor for some one of the permitted purposes, but this, under the terms of the indictment, would not discharge the accused. To exculpate himself, he would have to go further to show that it was manufactured for all of the excepted purposes. In the note to the case of State v. Paige, 6 Amer. & Eng. Ann. Cas., p. 730, it is said:

"When there are several exceptions or provisos to the statute which fall within the rules requiring their negation, it must be alleged that the accused comes within none of the exceptions."

Authorities are cited in the note from which this rule is deduced.

By a motion to quash, appellant attacked the indictment in due time, and the matter is properly brought here for review, his complaint being that in refusing to sustain the motion, the trial court committed error. From what has been said, it follows that the contention of the appellant is regarded sound.

Because of the error pointed out, the judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*