### E. R. GUYNES v. THE STATE.

No. 7031. Decided June 7, 1922.

Intoxicating Liquor—Transportation—Indictment.

Where the indictment alleged that the defendant did then and there unlawfully transport spirituous, vinous, and intoxicating liquors, capable of producing intoxication, and was found under the old law which is now amended, the same was insufficient in not negativing the exception under the law in force. Following Reeves v. State, 88 Texas Crim. Rep., 444, and other cases.

Appeal from the District Court of Robertson. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of transporting intoxicating liquors; penalty, three years imprisonment in the penitentiary.

*J. L. Goodman,* and *Robt. M. Lyles,* for appellant, cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for transportation of intoxicating liquor, with punishment assessed at two years confinement in the penitentiary.

The indictment contained five counts charging in various ways a violation of the provisions of the liquor law. The fourth count only was submitted to the jury, and charges:

"that on or about the 15th day of October, A. D. 1921, in the County and State aforesaid, and anterior to the presentment of this indictment, E. R. Guynes did then and there unlawfully transport spirituous, vinous and intoxicating liquors capable of producing intoxication."

A timely motion in arrest of judgment was filed urging that the count upon which conviction was obtained was defective because it failed to negative the exceptions which were a part of and descriptive of the offense attempted to be charged under the law in force at the date of the alleged commission. The motion should have been sustained.

The amendatory act of the Thirty-seventh Legislature (1st & 2d Called Sessions, page 233) relieving the State of the necessity of alleging that the liquor was not being transported for medicinal, mechanical, scientific or sacramental purposes, did not become effective until November 15th, 1921. The indictment was returned after the amendment went into effect, but it charged an offense to have been committed at a time when the old law (Chapter 78, 2d Called Session 36th Legislature) was still in operation, and under which the exceptions were required to be negatived. Reeves v. State, 88 Texas Crim. Rep., 444, 227 S. W. Rep., 668; Robert v. State, 90 Texas. Crim. Rep., 133, 188, 234 S. E. Rep., 89. We mention incidentally that all the evidence shows that the transaction complained of occurred on October 15th, 1921.

The judgment of the trial court must be reversed, and the prosecution under the present indictment ordered dismissed.

*Dismissed.*