.Elmore Laminack v. The State.

No. 7275.   Decided January 17, 1923.

**Manufacturing Intoxicating Liquor—Indictment—Exceptions.**

In order to charge an offense under the law as it stood when the offense was committed it was necessary to negative the exceptions named in the statutes, and the judgment must be reversed and dismissed. Following McNeil v. State, 239 S. W. Rep., 954, and other cases.

Appeal from the District Court of Wood.   Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*John T. Spann,* and *Jones & Jones,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The indictment alleges, and the proof shows that the alleged offense was committed on November 10th, 1921.  This was before the amended act of the 37th Legislature.  C. 61, p. 233, 1st and 2d C. S., went into effect, and this prosecution therefore was controlled by the law passed at 2d C. S. Thirty-sixth Legislature.  In order to charge an offense under that law it was necessary to negative the exceptions.  The indictment in the present case fails to do so.  McNeil v. State, 91 Texas Crim. Rep., 402, 239 S. W. Rep., 954; Stringer v. State, 92 Texas Crim. Rep., 46 241 S. W. Rep., 159; Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W. Rep., 1095.

No offense being charged, the judgment must be reversed, and dismissal of the prosecution under the present indictment ordered.

*Reversed and dismissed.*