**4. Criminal law ⬤⇒824(11)—Request for submission of voluntariness of confession necessary.**

If a decision by the jury of the voluntary character of an alleged confession be desired, it should be invoked by request to submit or otherwise.

**5. Criminal law ⬤⇒519(5)—Admissibility of confession unaffected by defendants having examining trials at different times.**

As affecting the voluntary character and admissibility of a written confession made at the hearing in justice court, it is immaterial whether defendant had examining trial at the same time as his codefendants.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Leary C. Newton was convicted of robbery, and appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Maverick county of the offense of robbery, and his punishment fixed at five years in the penitentiary.

By the state's testimony a violation of the law was abundantly proved against appellant, and the testimony need not be set out at length. There was no attack upon the form of the indictment, and none against the charge of the learned trial court.

It is insisted that the court below was without jurisdiction of this cause or of appellant, and that its orders and judgment herein are void therefor; the bill of exceptions presenting this matter reflects the agreement of both the state and defendant that this cause was tried at a special term of the district court which had been called by the judge thereof at the next preceding regular term; when said special term was so called the offense herein charged had not been committed; also that no notice of the time and place of holding said special term was given him or posted other than the entry on the minutes of the court below of the order for said special term.

[1, 2] The laws requiring that notices be made and posted of the holding of special terms of the district court have not been on our statute books for many years. See General Laws 29th Leg. 1905, p. 116. Under the law as it now is the court may order such special term, convene same, impanel a grand jury, consider indictments returned, and try persons so charged, at said special term. See articles 1720–1722, Vernon's Texas Statutes 1920.

[3, 4] It appears that following his arrest upon complaint herein, appellant had a hearing in the justice court. A written signed statement made by him at said hearing was admitted in evidence. The heading upon said statement is as follows:

"State of Texas v. L. C. Newton. Examining Trial before C? W. Hartup, Justice of the Peace, April 18, 1922. The defendant having been warned by the magistrate, that he does not have to make any statement but that any statement he makes shall be used against him upon the trial of the case to which it pertains, elects to make the following voluntary statement."

This we deem a substantial compliance with the requirements of article 810, C. C. P., relating to confessions. Our lawmakers evidently deemed the insertion required by said statute to be in the written statement claimed to be the confession, that it must appear that the accused was told that he does not have to make any statement at all, is equivalent to the statement that such confession is voluntary. It is well settled if there be a contest made as to the voluntary character of the alleged confession, a decision of such issue by the jury may be invoked. There appears in this record no request or other attempt to have said issue submitted to the jury.

[5] We further observe, with reference to a dispute as to whether appellant had his examining trial at the same or a different time as did his codefendants, that this would be immaterial as affecting the admissibility of the alleged confession. The date of said document appears to be the 18th of April and the examining trial of appellant's codefendants seems to have been had April 13th. We are at a loss to know how this difference in the date could affect the voluntary character of the confession.

We have been unable to perceive error in any matter set up in this record, and an affirmance is ordered.

---

## LAMINACK v. STATE.   (No. 7275.)

(Court of Criminal Appeals of Texas.  Jan. 17, 1923.)

**Intoxicating liquors ⬤⇒222—Where indictment fails to negative exceptions in law controlling when offense was committed, prosecution will be dismissed.**

Where an indictment for manufacturing intoxicating liquor before Acts 37th Leg. (1921) 1st Called Sess. c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), went into effect, fails to negative the exceptions enumerated in Acts 36th Leg. (1919) 2d Called Sess. c. 78 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), then controlling, the prosecution will be ordered dismissed.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Elmore Laminack was convicted of manufacturing intoxicating liquor, and he appeals. Reversed, and prosecution ordered dismissed.

John T. Spann, of Dallas, and Jones & Jones, of Mineola, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for manufacturing liquor. Punishment, one year in the penitentiary.

The indictment alleges, and the proof shows, that the alleged offense was committed on November 10, 1921. This was before the amended act of the 37th Legislature, c. 61, p. 233, 1st C. S. (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), went into effect, and this prosecution therefore was controlled by the law passed at 2d C. S. 36th Legislature (article 588¼ et seq.). In order to charge an offense under that law, it was necessary to negative the exceptions. The indictment in the present case fails to do so. McNeil v. State (Tex. Cr. App.) 239 S. W. 954; Stringer v. State (Tex. Cr. App.) 241 S. W. 159; Bell v. State (Tex. Cr. App.) 243 S. W. 1095.

No offense being charged, the judgment must be reversed, and dismissal of the prosecution under the present indictment ordered.