T. C. DAVIDSON v. THE STATE.

No. 6912.   Decided January 24, 1923.

**1.—Manufacturing Intoxicating Liquor—Indictment.**

Under the old law, before amendment, it was necessary that the exceptions in the statute be negatived in the indictment to charge an offense, and where this was not done, the indictment was bad, and the judgment must be reversed and dismissed.

**2.—Same—Rehearing—Practice on Appeal—Negative Averments.**

The indictment having alleged the offense to have been committed at a date prior to the amendment, failure to negative the exceptions under the old statute, the indictment failing to charge an offense, the prosecution must be dismissed.

Appeal from the District Court of Robertson. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. L. Goodman,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being two years in the penitentiary.

The disposition we find it necessary to make of the case does not require a statement of the evidence. The indictment alleges, and the evidence shows, that the transaction out of which the prosecution grew occurred on the 19th day of August, 1921. The indictment contained four counts. The first and fourth negatived the exceptions, that is, averred the manufacture was not for medicinal, mechanical, scientifical or sacramental purposes. The second and third counts simply allege the manufacture of intoxicating liquor without negativing the exceptions. The second count only was submitted to the jury.

The amendment (37th Leg., 1st and 2d C. S., p. 233) obviated the necessity of negativing the exceptions, but did not become effective until November 15, 1921. Prior to this date, to charge an offense under the acts of the Thirty-sixth Legislature (2d C. S., Chapter 78) it was necessary that the exceptions be negatived in the indictment to

charge an offense. Reeves v. State, 88 Texas Crim. Rep., 444, 277 S. W. Rep., 668; Robert v. State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 89; McNeil v. State, 91 Texas Crim. Rep., 402, 239 S. W. Rep., 954. The indictment in the instant case was returned into court November 22, 1921, seven days after the amendment took effect, but undertook to charge an offense committed prior to that time. To charge such offense it was necessary to negative the exceptions, as the prosecution would of necessity have to proceed under the law as it existed at the date of commission. Guynes v. State, 92 Texas Crim. Rep., 71, 242 S. W. Rep., 233.

The insufficiency of the second count to charge an offense was not attacked in the lower court, but for the first time is raised here, it being urged that the defect is one of substance and fundamental, and can be raised at any time. The contention finds support in many authorities cited by Mr. Branch in Sec. 521 of his Annotated Penal Code under the proposition that, "The validity of an indictment or information may be attacked for the first time in the appellate court when the defect is one of substance."

The only count submitted to the jury not charging an offense under the law in force at the date of its alleged commission, it becomes the duty of this court to reverse the judgment. If the evidence should be the same on another trial a conviction could not stand.

*Reversed and remanded.*

ON REHEARING.

February 21, 1923.

HAWKINS, JUDGE.—Appellant calls attention to the fact that under authority of McNeil v. State, 239 S. W. Rep., 954 and Guynes v. State, 242 S. W. Rep., 233, the judgment in the instant case should not have only been reversed, but the prosecution also ordered dismissed. The indictment having alleged the offense to have been committed at a date prior to the amendment of the Thirty-seventh Legislature becoming effective, and failing to negative the exceptions under the old statute, the indictment fails to charge an offense.

Appellant's motion is granted, and the prosecution ordered dismissed under the present indictment.

*Dismissed.*