### WILL PENNY v. THE STATE.

#### No. 7592. Decided April 25. 1923.

Manufacturing Intoxicating Liquor—Indictment—Negatve Allegations.

Where the indictment charged that the offense took place on October 11, 1921, it was necessary, in the trial of unlawful manufacture of intoxicating liquor, that the indictment negative the exceptions contained in the statute and the Constitution. Following Robert v. State, 90 Texas Crim. Rep., 134.

Appeal from the District Court of Wood. Tried below before the Hon. J. R. Warren.

Appeal from the unlawful manufacture of intoxicating liquor; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Jones and Jones,* and *A. J. Britton* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of four years.

The indictment charges that the offense took place on October 11, 1921. The State's evidence tends to support that averment. At that time, however, it was necessary, under Chap. 78, Acts of the thirty-sixth Legislature, 2nd Called Session, that the indictment negative the exceptions contained in the statute and in the Constitution. See Robert v. State, 90 Texas Crim. Rep. 134. The statute was subsequently amended rendering such averment unnecessary. The Assistant Attorney General concedes that the indictment in the instant case is defective in failing to make the necessary allegations.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*