JOHN GUYNES v. THE STATE.

No. 7986.   Decided March 12, 1924.

1.—Unlawful Transportation of Intoxicating Liquor—Date of Offense—Negative Averments.

Where, upon trial of unlawfully transporting intoxicating liquor, the proof showed that the offense took place anterior to the time the indictment was filed, and within the period of limitation, and at a time when the law did not require that the indictment contain an averment negativing the

exceptions, the verdict of conviction is warranted, and the misstatement of the date of the offense did not vitiate the indictment: Distinguishing Davidson v. State, 93 Texas Crim. Rep., 394, 248 S. W. Rep., 384.

**2.—Same—Alibi—Charge of Court—Sufficiency of the Evidence.**

The only defensive theory presented was that of alibi. This the court submitted in a requested charge, and the evidence being sufficient to sustain the conviction the judgment must be affirmed.

Appeal from the District Court of Wheeler. Tried below before the Honorable W. R. Ewing.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment filed on the 17th day of March, 1922, charged that the offense was committed on or about the 25th day of February, 1921, and anterior to the presentment of the indictment. The proof fixed the date of the transaction in the month of March, 1922, prior to the 16th of that month. In February, 1921, the law required an indictment charging this offense to contain an averment to the effect that the transportation was not for medicinal, mechanical, scientific, or sacramental purposes. Reeves v. State, 88 Texas Crim. Rep., 444; Guynes v. State, 92 Texas Crim. Rep., 71, 242 S. W. Rep., 233; Robert v. State, 88 Texas Crim. Rep., 488, 234 S. W. Rep., 89; O'Neal v. State, 92 Texas Crim. Rep., 91, 242 S. W. Rep., 238. In March, 1922, owing to a change in the statute, such an averment was not required. Acts of 37th Leg., 1st Called Session, p. 233; Davidson v. State, 93 Texas Crim. Rep., 394, 248 S. W. Rep., 383. The date in the indictment upon which it is charged that the offense took place is not binding upon the State. White v. State, 86 Texas Crim. Rep., 421; Dixon v. State, 86 Texas Crim. Rep., 406. Proof in the present case showing that the offense took place anterior to the time the indictment was filed, and within the period of limitation, and at a time when the law did not require that the indictment contain an averment negativing the exceptions, the verdict was warranted, and the misstatement of the date of the offense did not vitiate the indictment. The case of Davidson v. State, 93 Texas Crim. Rep., 394, 248 S. W. Rep., 384, is distinguishable in that the offense was com-

mitted before the law was changed by the Acts of the 37th Legislature, supra.

The only defensive theory presented was that of alibi. This the court submitted in a special charge requested by the appellant. The evidence of the State was sufficient to show circumstantially that the appellant, while in the town of Shamrock, borrowed an automobile from the witness Baker which contained no whisky; that appellant alone drove away in the car and later returned to the town and went to the wagon yard and took out of the car two tow sacks which appellant admitted to Baker contained whisky and which were deposited by the appellant in the wagon yard and afterwards seized by the officer and found to contain eight quarts of whisky.

Finding no error in the judgment, an affirmance is ordered.

*Affirmed.*