## GUYNES v. STATE.　(No. 7986.)

(Court of Criminal Appeals of Texas.　March 12, 1924.)

**1. Indictment and information ⟨key⟩176—Allegation of date of offense not binding on state.**

The date on which the indictment charges that the offense occurred is not binding on the state.

**2. Intoxicating liquors ⟨key⟩222—Conviction of transportation under indictment not negativing exceptions held warranted.**

Proof of transportation of intoxicating liquors within the period of limitation before the indictment was filed and after the enactment of Acts 37th Leg. 1st Called Sess. (1921) c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), dispensing with an averment that the transportation was not for medicinal or other excepted purposes, warrants conviction under an indictment not negativing such exceptions, though the date of the offense was misstated as of a time when such a negative averment was required.

**3. Intoxicating liquors ⟨key⟩236(20)—Conviction of transporting held sustained by evidence.**

Evidence *held* sufficient to sustain a conviction of transporting intoxicating liquors.

Appeal from District Court, Wheeler County ; W. R. Ewing, Judge.

John Guynes was convicted of transporting intoxicating liquor, and appeals. Affirmed.

M. Reynolds, of Shamrock, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J.　The offense is the unlawful transportation of intoxicating liquor;

punishment fixed at confinement in the penitentiary for a period of one year.

[1, 2] The indictment filed on the 17th day of March, 1922, charged that the offense was committed on or about the 25th day of February, 1921, and anterior to the presentment of the indictment. The proof fixed the date of the transaction in the month of March, 1922, prior to the 16th of that month.　In February, 1921, the law required an indictment charging this offense to contain an averment to the effect that the transportation was not for medicinal, mechanical, scientific, or sacramental purposes.　Reeves v. State, 88 Tex. Cr. R. 444, 227 S. W. 668; Guynes v. State, 92 Tex. Cr. R. 71, 242 S. W. 233; Robert v. State, 90 Tex. Cr. R. 133, 234 S. W. 89; O'Neal v. State, 92 Tex. Cr. R. 91, 242 S. W. 238.　In March, 1922, owing to a change in the statute, such an averment was not required.　Acts 37th Leg. 1st Called Sess. (1921) p. 233 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.); Davidson v. State, 93 Tex. Cr. R. 294, 248 S. W. 383.　The date in the indictment upon which it is charged that the offense took place is not binding upon the state.　White v. State, 86 Tex. Cr. R. 421, 217 S. W. 389; Dixon v. State, 86 Tex. Cr. R. 406, 216 S. W. 1097.　Proof in the present case showing that the offense took place anterior to the time the indictment was filed and within the period of limitation and at a time when the law did not require that the indictment contain an averment negativing the exceptions, the verdict was warranted, and the misstatement of the date of the offense did not vitiate the indictment.　The case of Davidson v. State, 93 Tex. Cr. R. 294, 248 S. W. 384, is distinguishable in that the offense was committed before the law was changed by the Acts of the 37th Legislature, supra.

[3] The only defensive theory presented was that of alibi. This the court submitted in a special charge requested by the appellant. The evidence of the state was sufficient to show circumstantially that the appellant, while in the town of Shamrock, borrowed an automobile from the witness Baker which contained no whisky; that appellant alone drove away in the car and later returned to the town and went to the wagon yard and took out of the car two tow sacks which appellant admitted to Baker contained whisky and which were deposited by the appellant in the wagon yard and afterwards seized by the officer and found to contain eight quarts of whisky.

Finding no error in the judgment, an affirmance is ordered.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes