### C. P. McComb v. The State.

No. 9041.   Delivered May 13, 1925.

**1.—Possessing Intoxicating Liquor—Indictment—Before Amendment.**

Where the indictment charging unlawful possession of intoxicating liqt.or fixed the date of the offense on or about December 11, 1921, and on the trial the preponderance of the proof established the date as prior to November 15, 1921, the indictment, failing to negative that the possession of the liquor was not for one of the lawful purposes named in the constitution and statute, would not support the conviction. Following McNeil v. State, 91 Tex. C. R. 402.

**2.—Same—Continued.**

It was therefore important that there should be an instruction requiring the jury, as a predicate for conviction, to determine that the offense, if any was committed, was subsequent to November 15, 1921, and failing to so charge, the cause must be reversed. Following Francis v. State, 90 Tex. C. R. 67, Ex Parte Mitchum 91 Tex. C. R. 62.

Appeal from the District Court of Fannin County.   Tried below before the Hon. Ben H. Denton, Judge.

Appeal from a conviction for the unlawful possession of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*N. H. Rather, Cunningham & Lipscomb,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment was returned in August, 1922; the date of the offense was fixed at on or about December 11, 1921. At the date the offense is laid in the indictment is was not required that the indictment contain an averment that the possession was not for one of the lawful purposes named in the Constitution and the statute. If, however, the transaction upon which the prosecution

is founded took place prior to November 15, 1921, the indictment, failing to contain the negative averments mentioned, would not support the conviction.   McNeil v. State, 91 Texas Crim. Rep. 402.

The witness Self testified to the possession of whiskey by appellant.   He fixed the date as "on or about December 11, 1922," but stated on cross-examination that he was uncertain as to the exact date but "thought it was in November or December, 1921."   The arrest took place in July, 1922, and appellant, in his testimony, denied the offense and claimed that it was the State's witness Self who possessed the liquor and that the date was the 13th day of November, 1921.   From both the State's witnesses and the appellant, it was shown that other persons were present at the time of the alleged offense, and some of these witnesses gave the time as in November, and were uncertain as to the day of that month.

The court instructed the jury that if the appellant, "on or about the 11th day of December, 1921, possessed intoxicating liquor, etc., he would be guilty."   The court refused to give a special charge to the effect that if the transaction took place prior to November 14, 1921, there should be an acquittal.

The State's Attorney before this court concedes that in refusing to give the special charge mentioned, there was error committed which requires a reversal of the judgment.   If the transaction upon which the prosecution is founded took place prior to November 15, 1921, there could be no conviction under the indictment.   Francis v. State, 90 Texas Crim. Rep. 67; Ex parte Mitchum, 91 Texas Crim. Rep. 62.   It was therefore important that there should be an instruction requiring the jury, as a predicate for conviction, to determine that the offense, if any was committed, was subsequent to November 15, 1921.

The error pointed out requires a reversal of the judgment, which is ordered.

*Reversed.*