## C. M. FORD V. THE STATE.

No. 9830.   Delivered October 6, 1926.

**Selling Bread Not Standard Weight—Complaint Insufficient—Statute Construed.**

Where a complaint which charges the sale of bread not being of standard weight, under Art. 719, Rule 5, P. C. 1925, and fails to aver that such sale was made within 24 hours after said bread was baked, said complaint is fatally defective. Following Guynes v. State, 242 S. W. 233, and other cases cited in this opinion.

Appeal from the County Court of Harrison County.   Tried below before the Hon. Jno. W. Scott, Judge.

Appeal from a conviction for selling bread, not of standard weight; penalty a fine of $110.00.

*Davidson, Blalock & Blalock* of Marshall, for appellant. On constitutionality of act, not however passed upon in opinion, the appellant cites: U. S. Constitution, Art. 1, Sec. 8; Turner v. State, 55 S. W. 834; Millis v. Goodman, 40 S. W. 718; Leizy v. Hardin, 135 U. S. 128, Roses Annotations, 135 U. S. 100 to 160; McCall v. People of Colo., 136 U. S. 104; Asher v. State of Texas, 128 U. S. 129; State v. Peet, 14 L. R. A. (N. S.) 677; Brown v. Maryland, 12 Wheat 419; Hannibal Co. v. Husen, 95 U. S. 475.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Harrison County for unlawfully selling a loaf of bread weighing less than the standard weight, and his punishment assessed at a fine of $110.00.

The record discloses that the appellant was a citizen of the United States and resided in Shreveport, La.; that he was engaged in selling on commission bread manufactured by the

Campbell Baking Company, a corporation located in Shreveport, La.; that at the time of the alleged offense his territory embraced Marshall, in Harrison County, Texas, and that he was in Marshall with a truck load of bread brought by him from Shreveport, La., and was selling same by the loaf; and that at said time and place he sold to the prosecuting witness, W. L. Escoe, a loaf of bread which weighed only 13 ounces. The appellant was charged by information with violating Art. 719, Rule 5, of the new Penal Code, which provides that bread sold by the loaf shall be based upon the standard weight, and no other, and shall weigh one pound, or 16, ounces, one and one-half pounds, or 24 ounces, and two pounds, or 32 ounces, with variation or tolerance not to exceed one ounce per pound over or under said standard within a period of 24 hours after baking.

The record discloses that there is neither allegation in the complaint, nor proof, as to when the bread in question was baked. The provision in the article referred to, and under said rule 5, only provides for variation or tolerance in the weight of bread by the pound for a period of 24 hours after baking, and makes no provision for variation or tolerance thereafter. It was evidently the intention of the legislature to make it a penal offense to sell bread of less than the standard weight, as therein provided, where same had been sold within 24 hours after it had been baked, and not thereafter. It is the settled rule in this state that where an article of the Penal Code embraces an exception which is a part of the article itself, or if the exception is written in the enacting part of the law, it is necessary for the state to negative said exception. Guynes v. State, 242 S. W. 233; Reeves v. State, 88 Tex. Crim. Rep. 444, 227 S. W. 668; Robert v. State, 90 Tex. Crim. Rep. 135, 234 S. W. 89. While this article in question does not fall directly under the decisions supra as to exceptions, it does limit the offense to 24 hours after baking, and therefore the necessity to allege that the sale was made within that time is more cogent than if the article contained an exception or provision to that effect. It is therefore evident that a failure to allege that the bread in question was baked within 24 hours from the time of the sale was fatal to the complaint and conviction in this case.

The appellant raises several questions in his brief as to the constitutionality of said article, but it is the rule of this court not to pass on such questions when the case can be disposed of otherwise, and for that reason we omit a consideration of said questions so raised. Carlson v. State, 89 Tex. Crim. Rep. 558, 232 S. W. 807.

For the reasons above mentioned, the judgment of the trial court is reversed and this case ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.