FORD v. STATE. (No. 9830.)

(Court of Criminal Appeals of Texas. Oct. 6, 1926.)

**1. Indictment and information ⚖══111(1).**

Failure of information to allege that bread was baked within 24 hours from time of sale *held* fatal to conviction for selling bread under standard weight (Pen. Code 1925, art. 719, rule 5).

**2. Indictment and information ⚖══111(2).**

Where article of Penal Code embraces exception which is part of article itself, or if exception is written in enacting part of law, indictment or information must negative such exception.

**3. Constitutional law ⚖══46(1).**

Constitutionality of statute under which conviction is had will not be considered on appeal if case can be disposed of otherwise.

Commissioners' Decision.

Appeal from Harrison County Court; John W. Scott, Judge.

C. H. Ford was convicted of unlawfully selling a loaf of bread weighing less than the standard weight, and he appeals. Reversed, and case ordered dismissed.

Davidson, Blalock & Blalock, of Marshall, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. [1] The appellant was convicted in the county court of Harrison county for unlawfully selling a loaf of bread weigh-

ing less than the standard weight, and his punishment assessed at a fine of $110.

The record discloses that the appellant was a citizen of the United States and resided in Shreveport, La.; that he was engaged in selling on commission bread manufactured by the Campbell Baking Company, a corporation located in Shreveport, La.; that at the time of the alleged offense his territory embraced Marshall, in Harrison county, Tex., and that he was in Marshall with a truck load of bread brought by him from Shreveport, La., and was selling same by the loaf; and that at said time and place he sold to the prosecuting witness, W. L. Escoe, a loaf of bread which weighed only 13 ounces. The appellant was charged by information with violating article 719, rule 5, of the new Penal Code, which provides that bread sold by the loaf shall be based upon the standard weight, and no other, and shall weigh one pound, or 16 ounces, 1½ pounds, or 24 ounces, and two pounds, or 32 ounces, with variation or tolerance not to exceed one ounce per pound over or under said standard within a period of 24 hours after baking.

The record discloses that there is neither allegation in the complaint, nor proof, as to when the bread in question was baked. The provision in the article referred to, and under said rule 5, only provides for variation or tolerance in the weight of bread by the pound for a period of 24 hours after baking, and makes no provision for variation or tolerance thereafter. It was evidently the intention of the Legislature to make it a penal offense to sell bread of less than the standard weight, as therein provided, where same had been sold within 24 hours after it had been baked, and not thereafter.

[2] It is the settled rule in this state that where an article of the Penal Code embraces an exception which is a part of the article itself, or if the exception is written in the enacting part of the law, it is necessary for the state to negative said exception. Guynes v. State, 92 Tex. Cr. R. 71, 242 S. W. 233; Reeves v. State, 88 Tex. Cr. R. 444, 227 S. W. 668; Robert v. State, 90 Tex. Cr. R. 135, 234 S. W. 89. While this article in question does not fall directly under the decisions, supra, as to exceptions, it does limit the offense to 24 hours after baking, and therefore the necessity to allege that the sale was made within that time is more cogent that if the article contained an exception or provision to that effect. It is therefore evident that a failure to allege that the bread in question was baked within 24 hours from the time of the sale was fatal to the complaint and conviction in this case.

[3] The appellant raises several questions in his brief as to the constitutionality of said article, but it is the rule of this court not to pass on such questions when the case can be disposed of otherwise, and for that reason we omit a consideration of said questions so raised. Carlson v. State, 89 Tex. Cr. R. 558, 232 S. W. 807.

For the reasons above mentioned, the judgment of the trial court is reversed and this case ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.