Billy Carl **THRELKELD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54976.

Court of Criminal Appeals of Texas.

Nov. 23, 1977.

Appellant's Motion for Rehearing Denied Dec. 21, 1977.

Thomas A. Autry, Austin, for appellant.

Tim C. Curry, Dist. Atty., Marvin Collins, R. J. Adcock and Ronald G. Knight, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of cocaine. Punishment was assessed by the court at three years.

■ Appellant contends that the court erred in overruling his motion to quash the indictment on the theory that possession of cocaine under Section 4.04(a) of the Controlled Substances Act is not illegal per se but becomes illegal only when not obtained directly from, or pursuant to, a valid prescription of a practitioner.

Section 4.04(a) of the Controlled Substances Act, V.A.C.S., 4476–15, under which appellant was indicted, provides:

"Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice."

The indictment alleged that appellant "did then and there knowingly and intentionally possess a controlled substance, namely cocaine, a derivative and compound of coca leaves." It did not allege that appellant's possession of cocaine was not pursuant to a valid prescription or doctor's order.

Prior to the enactment of the Controlled Substances Act this Court enunciated the rule that where a penal statute embraces an exception which is part of the statute itself, or the exception appears within the enacting clause of the law, it is necessary for the state to negate such an exception in the indictment. *Baker v. State*, 132 Tex.Cr.R. 527, 106 S.W.2d 308 (1937); *Ford v. State*, 105 Tex.Cr.R. 114, 286 S.W. 1089 (1926); *Moore v. State*, 90 Tex.Cr.R. 604, 236 S.W. 477 (1922).

V.T.C.A., Penal Code, Section 2.02(b), codified this common law rule:

"The prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception."

Prior to the enactment of the Controlled Substances Act appellant's argument would have been well taken. The traditional rule upon which appellant relies, however, is no longer applicable to indictments charging possession of controlled substances. Article 4476–15, Section 5.10(a), expressly removed the burden of negating in an indictment any exemptions or exceptions under the act and placed the burden of going forward with the evidence with respect to such exemptions or exceptions upon the defendant. *Wilson v. State*, 520 S.W.2d 377 (Tex.Cr. App.1975); *Thompson v. State*, 495 S.W.2d 221 (Tex.Cr.App.1973).

This Court has consistently abided by the rule of statutory construction that a special provision as to a particular subject matter controls over general language which might otherwise govern. We hold, therefore, that the specific provisions of V.A.C.S., Article 4476–15, Section 5.10(a), prevail over the traditional rule set forth in Section 2.02(b) of the Penal Code and that the failure of an indictment to negate exceptions under Article 4.04(a) of the Controlled Substances Act will not render it defective.

■ Appellant also attacks the constitutionality of the Controlled Substances Act upon the theory that it delegates to the executive branch of the state government purely legislative power to determine what shall be illegal. Specifically, appellant challenges the authority of the State Commissioner of Health under V.A.C.S., 4476–15, Section 2.09, to amend, add to, or delete substances from the Schedules enumerated in the act. He reasons that if the act makes the possession of controlled substances a penal offense, and if the Commissioner may amend or make additions to the list of controlled substances, then the Legis-

lature has invalidly vested in the Commissioner the authority to determine what shall be a crime.

Appellant challenges Section 2.09(a) of the Controlled Substances Act as it relates to all penal provisions of the statute. It is, however, incumbent upon an accused to show that he has been charged or convicted under that portion of the statute the constitutionality of which he questions. *State v. Scott*, 460 S.W.2d 103 (Tex.1970); *Ex parte Usener*, 391 S.W.2d 735 (Tex.Cr.App.1965); *Donahoo v. State*, 162 Tex.Cr.R. 388, 285 S.W.2d 952 (1956). This Court will not pass on the validity of any part of the Controlled Substances Act which is not shown to have been violated, *McClane v. State*, 170 Tex. Cr.R. 603, 343 S.W.2d 447 (1960), nor will it decide constitutional issues on a broader basis than the record requires. *Christ v. State*, 480 S.W.2d 394 (Tex.Cr.App.1972); *Deeds v. State*, 474 S.W.2d 718 (Tex.Cr.App. 1972).

The scope of this Court's review is therefore limited to the Commissioner's delegated power to add or reschedule controlled substances, possession of which is made a penal offense by that section of the Act under which appellant was himself convicted, V.A.C.S., Article 4476–15, Section 4.04. We find that with regard to this section of the Controlled Substances Act appellant's argument is without merit.

V.A.C.S., Article 4476–15, Section 2.09(a), delegates to the State Commissioner of Health, with the approval of the State Board of Health, the authority to add to, delete, or reschedule any substance enumerated in Schedules I through V of the Controlled Substances Act. Of critical importance is the fact that the Commissioner is not given the power to add to, delete, or reschedule any controlled substance enumerated in Penalty Groups One through Four.

Section 4.04 of the Act, under which appellant was convicted, does not concern itself with Schedules I through V. It proscribes the possession of only those controlled substances appearing in Penalty Groups One through Four, whose contents are fixed. Inasmuch as the Commissioner may not alter these Penalty Groups in any fashion, he does not have the authority to determine which substances are or are not subject to criminal sanction under Section 4.04 of the Act. See *Riddle v. State* (No. 55,890, November 2, 1977); *Henderson v. State* (No. 56,157, November 16, 1977). Contrary to appellant's assertion, the Commissioner cannot determine what shall be a crime. No unconstitutional delegation of power is shown.

No error having been shown, the judgment is affirmed.