Geraldo RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 56617.

Court of Criminal Appeals of Texas,
Panel No. 2.

Jan. 18, 1978.

Motion for Rehearing En Banc
Denied Feb. 15, 1978.

Hugh Lowe, on appeal only, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Charles E. Hardy, Asst. Dist. Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of heroin upon appellant's plea of guilty. Punishment was assessed by the court at three years.

Section 4.04(a) of the Controlled Substances Act, V.A.C.S., 4476–15, under which appellant was indicted, provides:

"Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice."

In his sole ground of error appellant contends that the indictment is fundamentally defective by virtue of its failure to allege that his possession was not pursuant to a valid prescription or doctor's order.

Our disposition of this appeal is controlled by the recent case of *Threlkeld v. State*, 558 S.W.2d 472 (Tex.Cr.App.1977), in which this identical issue was addressed. In *Threlkeld*, we acknowledged the common law rule relied upon by the appellant: that where a penal statute embraces an exception which is part of the statute itself, or the exception appears within the enacting clause of the law, it is necessary for the state to negate such exceptions in the indictment. It was this Court's holding, however, that the common law rule was rendered inapplicable by the enactment of Article 4476–15, Section 5.10(a), which expressly removed the burden of negating in an indictment any exemptions or exceptions under the act and placed the burden of going forward with the evidence with respect to such exemptions or exceptions upon the defendant. *Wilson v. State*, 520 S.W.2d 377 (Tex.Cr. App.1975); *Thompson v. State*, 495 S.W.2d 221 (Tex.Cr.App.1973). Thus, the failure of an indictment to negate exceptions under Article 4.04(a) of the Controlled Substances Act will not render it defective.

Appellant, however, asserts that the "prescription qualification" of Section

4.04(a) of the Controlled Substances Act is not an exception or exemption, but is, in fact, a constituent element of the offense. He thus reasons that the failure of the indictment to negate this qualification constitutes a failure to allege an essential element of the offense; i. e., that appellant possessed heroin without a physician's prescription. Clearly, this theory was rejected in *Threlkeld* when we held that the qualifying language employed in Section 4.04(a) of the Controlled Substances Act is an exception which does not necessitate negation in the indictment. Moreover, as appellant concedes, the purpose of exempting language in a statute is to define those circumstances in which one with proper authorization may lawfully engage in otherwise unlawful conduct. As a Schedule I controlled substance, heroin may not be dispensed pursuant to prescription, V.A.C.S. 3.08, and thus may not be legally possessed under any circumstances. Since there are no occasions where an individual is authorized to possess heroin, the lack of such authorization on the part of the defendant need not be shown in the indictment. The state need not negate that which is statutorily impossible.

No error having been shown, the conviction is affirmed.