

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00195-CR

CHRISTOPHER A. DOWDEN                                   APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1350525D

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Christopher A. Dowden appeals his conviction for possession of tetrahydrocannabinol (THC) other than marijuana in the amount of four grams or more but less than four hundred grams. *See* Tex. Health & Safety Code Ann. § 481.116(d) (West 2010). In two issues, Dowden argues that the evidence is

insufficient to support his conviction and that his trial counsel was ineffective. We will affirm.

## II. BACKGROUND

While visiting Los Angeles, Dowden suffered a series of cluster headaches that resulted in several emergency room visits. In order to combat these headaches, Dowden acquired a prescription for medical marijuana. With the prescription, Dowden purchased smokable marijuana, a pipe to smoke it with, and a THC-infused candy bar. He brought the marijuana and candy bar with him when he returned to Texas.

Upon arriving in Texas, Dowden was staying in a hotel room when police arrested him for outstanding warrants. He admitted to the police that he had marijuana in his hotel room. The police discovered the drugs and charged him with possession of a controlled substance for the THC-infused candy bar.

Dowden pleaded guilty to possession of THC without a plea bargain. In support of the guilty plea, Dowden swore to and signed a judicial confession that he had "committed each and every act alleged" in the indictment. The trial court accepted Dowden's plea and found that evidence substantiated his guilt but ordered that a presentence investigative report (PSI) be prepared and deferred a finding of guilt. After the PSI was completed, the trial court conducted a punishment hearing, at which the PSI was introduced into evidence and Dowden, his ex-wife, a sheriff's deputy, and Dowden's grandmother testified. At the close

2

of the testimony, the trial court found Dowden guilty and sentenced him to fifteen years' confinement.

### III. SUFFICIENCY OF THE EVIDENCE

In part of his first issue, Dowden argues that the evidence is insufficient to support his conviction because the State did not prove that he obtained the THC without a valid prescription, which he contends is an element of the offense.

Article 1.15 of the Texas Code of Criminal Procedure provides that in the event of a felony conviction based upon a guilty plea in lieu of a jury verdict, "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and . . . in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15 so long as the judicial confession covers all of the elements of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). However, a judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. *Id.* at 14.

Section 481.116 of the Texas Health & Safety Code provides that

a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 2, *unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice*.

3

Tex. Health & Safety Code Ann. § 481.116 (emphasis added). Dowden argues that the italicized portion of the statute is an element of the offense and that neither his judicial confession nor any other evidence establishes this element of the offense—that he did not have a valid prescription or order of a practitioner for the THC.

Neither the indictment nor Dowden's judicial confession included this language from the statute.[1] But the lack of a valid prescription or order is not an element of the offense that the State must prove; it is an exception that the defendant has the burden to present evidence on. *See Threlkeld v. State*, 558 S.W.2d 472, 473 (Tex. Crim. App. 1977) (so holding for prior version of possession-of-controlled-substance statute, which was substantially similar to current section 481.116). Section 481.184 of the health and safety code provides,

> The state is not required to negate an exemption or exception provided by this chapter in a complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter. A person claiming the benefit of an exemption or exception has the burden of going forward with the evidence with respect to the exemption or exception.

---

[1]The indictment alleged that Dowden "intentionally or knowingly possess[ed] a controlled substance, namely: tetrahydrocannabinol other than marihuana, of four grams or more but less than four hundred grams, including any adulterants or dilutants." Dowden's judicial confession stated that he had read the indictment and had committed each and every alleged act.

4

Tex. Health & Safety Code Ann. § 481.184(a) (West 2010).[2] Thus, the State was not required to prove that Dowden did not have a valid prescription or order of a practitioner; instead, Dowden, as the person claiming the benefit of the exception, had the burden to produce evidence regarding the valid-prescription exemption. *See Rodriquez v. State*, 561 S.W.2d 4, 4–5 (Tex. Crim. App. [Panel Op.] 1978); *Threlkeld*, 558 S.W.2d at 473; *Francois v. State*, No. 14-97-00419-CR, 1998 WL 148333, at *3 (Tex. App.—Houston [14th Dist.] Apr. 2, 1998, no pet.) (not designated for publication). We overrule the portion of Dowden's first issue asserting that proof of the lack of a valid prescription is an element of the offense under section 481.116 of the health and safety code that the State failed to prove.

Dowden argues alternatively that, even if the lack of a valid prescription is not an element that the State had to prove, evidence established that he obtained the THC by means of a valid California prescription and that, consequently, he established the valid-prescription exemption. Dowden testified that he obtained a doctor's prescription for "marijuana products" in California and bought the THC candy bar with that prescription. Even assuming that a

---

[2]Under the penal code, the State must negate the existence of an exception to an offense in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant's conduct does not fall within the exception. Tex. Penal Code Ann. § 2.02(b) (West 2011). However, this requirement for offenses under the penal code does not apply to offenses committed under the Texas Controlled Substances Act. *See Threlkeld*, 558 S.W.2d at 473.

prescription for "marijuana products" is a prescription for THC, Dowden's testimony does not constitute evidence that he had a valid "prescription" for THC from a practitioner as required by the health and safety code. Tex. Health & Safety Code Ann. §§ 481.002(41) (West Supp. 2014), .116. A prescription is defined as an order by a practitioner to a pharmacist for a controlled substance and must include the following information: (1) the date of issue, (2) the name and address of the patient, (3) the name and quantity of the controlled substance, (4) directions for use of the drug, (5) the intended use of the drug, and (6) the name, address, Federal Drug Enforcement Administration registration number, and telephone number of the practitioner. *Id.* § 481.002(41). Dowden did not present evidence satisfying the six elements set forth above necessary to establish that he had a "prescription" as defined in the health and safety code. *See id.* §§ 481.002(41), .184; *Elkins v. State*, 543 S.W.2d 648, 650 (Tex. Crim. App. 1976). And in any event, Dowden could not have presented evidence that he had a valid prescription for THC. THC is a Schedule I controlled substance.[3]

---

[3]Dowden argues on appeal that THC is also a Schedule III drug and points to the following definition of the drug Dronabinol in Schedule III for support:

> Dronabinol (synthetic) in sesame oil and encapsulated in a soft gelatin capsule in a U.S. Food and Drug Administration approved drug product. (Some other names for dronabinol: (6aR-trans)-6a,7,8,10a-tetrahydro-6,6,9-tri-methyl-3-pentyl-6H-dibenzo [b,d]pyran-1-ol, or (-)-delta-9-(trans)-tetrahydrocannabinol).

Tex. Health & Safety Code Ann. § 481.032 (West Supp. 2014). Although Dronabinol may also be called (-)-delta-9-(trans)-tetrahydrocannabinol, which includes the word "tetrahydrocannabinol," the drug listed as a Schedule III drug is

6

Tex. Health & Safety Code Ann. § 481.032. The health and safety code provides that a Schedule I controlled substance "has no accepted medical use in treatment in the United States or lacks accepted safety for use in treatment under medical supervision." *Id.* § 481.035(a)(2) (West 2010). Texas law does not authorize prescriptions for Schedule I controlled substances. *See* 37 Tex. Admin. Code Ann. § 13.72 (2014) (Tex. Dep't of Pub. Safety, Prescriptions) (setting forth requirements for prescriptions for Schedule II–V controlled substances). Consequently, Dowden failed to satisfy his burden of bringing forth evidence with respect to the valid-prescription exception of section 481.116. *See* Tex. Health & Safety Code Ann. § 481.116; *Rodriquez*, 561 S.W.2d at 4–5; *Threlkeld*, 558 S.W.2d at 473.[4]

We overrule the remainder of Dowden's first issue.

---

Dronabinol, not tetrahydrocannabinol, and we decline Dowden's suggestion that we interpret "tetrahydrocannabinol other than marihuana," as alleged in the indictment, as encompassing "(-)-delta-9-(trans)-tetrahydrocannabinol."

[4]Dowden also argues that he established the "ultimate user" exemption set forth in section 481.062(a)(3), but subsection (a)(3) does not apply when the substance at issue is THC. Subsection 481.062(a)(5) sets forth the "ultimate user" exemption when dealing with THC and provides that someone may possess THC if that person is "an ultimate user possessing the substance as a participant in a federally approved therapeutic research program." Tex. Health & Safety Code Ann. § 481.062(a)(5)(B) (West 2010). Dowden did not present any evidence that he was a participant in a research program.

## IV. EFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Dowden argues that his trial counsel was ineffective because he failed to raise the defensive issue of the valid-prescription exception that we addressed above.

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Because, as explained above, any argument that Dowden had a valid California prescription for THC would have been unsuccessful to establish an exception to the offense at trial, the record does not affirmatively demonstrate the meritorious nature of the claim. *See id.* We overrule Dowden's second issue.

## V. CONCLUSION

Having overruled Dowden's two issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  January 8, 2015