

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00275-CR

**DONALD JONES,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 12-02026-CRF-361**

---

## MEMORANDUM  OPINION

---

Appellant Donald Jones was charged by indictment with possession of a controlled substance (a compound, mixture, or preparation in an amount of 200 grams or more but less than 400 grams, that contained not more than 200 milligrams of codeine per 100 milliliters or 100 grams) with intent to deliver.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.105(1) (West 2010).  The indictment thus alleged a first-degree felony offense.  *Id.* § 481.114(a, d).

Also, the indictment included an enhancement paragraph alleging Jones's prior

felony conviction of aggravated assault on a peace officer.  Under a plea agreement, Jones made an open plea of guilty and pled true to the enhancement paragraph.[1]  Accordingly, the punishment range was life or fifteen to 99 years' imprisonment.  TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2014).  After a punishment hearing, the trial court sentenced Jones to twenty years' imprisonment.[2]  Jones appeals, asserting in his sole issue that the evidence is insufficient to support the conviction.

> Article 1.15 of the Texas Code of Criminal Procedure provides that in the event of a felony conviction based upon a guilty plea in lieu of a jury verdict, "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and ... in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."  TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).  A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15 so long as the judicial confession covers all of the elements of the charged offense.  *Menefee v. State,* 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  However, a judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict.  *Id.* at 14.

*Dowden v. State,* 455 S.W.3d 252, 254-55 (Tex. App.—Fort Worth 2015, no pet. h.).

> Although the United States Constitution does not require substantiation of a guilty plea in state court, Texas Code of Criminal Procedure article 1.15 does provide this additional procedural safeguard. TEX. CODE CRIM. PROC. art. 1.15; *Menefee v. State,* 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  Under the article, a court may not enter a conviction in a felony case based on a guilty plea unless evidence is presented establishing guilt in addition to and independent of the plea.  TEX. CODE CRIM. PROC. art. 1.15; *Menefee,* 287 S.W.3d at 13-14.  The evidence does not have to establish the

---

[1] As a part of the plea agreement, Jones agreed to admit his guilt to an unadjudicated and pending felony charge (aggravated assault) and prosecution of that felony would be barred under Penal Code section 12.45, which the trial court did when Jones was sentenced.

[2] At a hearing on Jones's motion for new trial, Jones's trial attorney said that, because of Jones's severe health problems, including Stage 4 kidney failure that requires dialysis three times a week, the defense strategy was to plead guilty and seek deferred-adjudication community supervision from the trial court at punishment because Jones had a felony conviction.  The twenty-year sentence is at the low end of the 15-to-99 years to life enhanced punishment range.

defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged. *Staggs v. State,* 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Evidence substantiating a guilty plea can take several possible forms. *Menefee,* 287 S.W.3d at 13. Article 1.15 itself states that a defendant may consent to the presentation of evidence either by oral testimony or in written form, or to an oral or written stipulation of what the evidence would be, without necessarily admitting to its veracity or accuracy. *Id.* Additionally, courts have recognized that a defendant may enter a sworn written confession, or may testify under oath in open court, admitting his or her culpability or at least acknowledging generally that the allegations against him or her are in fact true and correct. *Id.* A deficiency in one form of proof may be compensated for by other competent evidence in the record. *Id.* at 14. Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea. *See id.* at 18-19 … .

*Jones v. State,* 373 S.W.3d 790, 792-93 (Tex. App.—Houston [14th Dist.] 2012, no pet.).[3]

In the punishment hearing, Michael Welch**,** a Brazos County Sheriff's Office Investigator, testified that he and Terry Young, another Investigator, were investigating Jones, who was alleged to have filled a prescription at the Village Foods pharmacy and then selling it. On December 1, 2011, the pharmacist alerted the Sheriff's Office that

---

[3] Also, the State cites to and quotes from *Saleh v. State,* as follows:

The judicial confession may take the form of an affirmative acknowledgment by the defendant that the indictment was true and correct. *Id.*

Here, appellant executed a sworn judicial confession in which he "admit[ted] and judicially confess[ed]" to the allegations and facts in the indictment and "stipulat[ed] that the allegations and facts [were] true and correct and constitut[ed] evidence in this case." This judicial confession standing alone is sufficient under article 1.15 to support appellant's convictions. *See Keller,* 125 S.W.3d at 605-06 (holding judicial confession that provided, "I understand the above allegations and I confess that they are true ..." was sufficient evidence to support judgment under article 1.15 and "the record need not otherwise provide proof").

*Saleh v. State,* No. 14-05-01148-CR, 2007 WL 1892262, at *2 (Tex. App.—Houston [14th Dist.] July 3, 2007, pet. ref'd) (mem. op., not designated for publication).

Jones had filled a prescription and that the buyer was in a black Mercedes in the parking lot. Welch and Young witnessed Jones get into the passenger side of the Mercedes for a short time and then exit; in Welch's experience, a drug transaction had taken place. As the Mercedes attempted to leave the parking lot, Welch and Young blocked the Mercedes from leaving and the driver, Cedric Rhodes, was detained.

Jones was located at the back corner of the building and was also detained. A search of the vehicle located a bottle of promethazine with codeine. The label on the bottle that contained the customer's name had been torn off. The torn-off portion of the label was located in a trash can, and it showed that the prescription was for Donald Jones. Photos of the Mercedes, the trash can where the torn label was found, and the torn label placed next to the bottle of promethazine with codeine were admitted. Welch opined that the reason to tear off the customer's name would be to prevent identification of who the bottle originally belonged to.

Jones testified and admitted that he sold his prescription cough medicine (codeine with promethazine) to Rhodes for cash.

As a part of his guilty plea, Jones executed a "Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession." It states in part:

> I do further admit and judicially confess that I unlawfully committed the acts alleged in the indictment/information in this cause at the time and place and in the manner alleged, *or as a lesser included offense of the offense charged in the indictment/information*, and that such allegations are true and correct, and that I am in fact GUILTY of the offense alleged *or as a lesser included offense*.

Jones's sufficiency challenge asserts that his judicial confession to the offense alleged in the indictment is insufficient evidence to support the conviction because the

indictment, which Jones asserts is flawed, does not embrace every element of the charged offense. Jones admits that his guilty plea waived all non-jurisdictional defects in the indictment by not objecting before his guilty plea. *See Perez v. State,* 129 S.W.3d 282, 288 (Tex. App.—Corpus Christi 2004, no pet.); *Stahle v. State,* 970 S.W.2d 682, 694 (Tex. App.— Dallas 1998, pet. ref'd) ("The law in this State is well settled that a guilty plea entered without benefit of a plea bargain waives all non-jurisdictional defects occurring prior to entry of the plea."); TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).

The indictment alleged that Jones did:

> then and there knowingly possess, with intent to deliver, a controlled substance, namely, a compound, mixture, or preparation in an amount of 200 grams or more but less than 400 grams, that contained not more than 200 milligrams of codeine per 100 milliters or 100 grams and includes one or more *non-narcotic* active medicinal ingredients of *codeine*, [Emphases added.]

Section 481.105(1) of the Texas Health & Safety Code provides in pertinent part:

> Penalty Group 4 consists of:
>
> (1) a compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs that includes one or more nonnarcotic active medicinal ingredients *in sufficient proportion to confer on the compound, mixture, or preparation valuable medicinal qualities other than those possessed by the narcotic drug alone*:
>
> > not more than 200 milligrams of codeine per 100 milliliters or per 100 grams; ...

TEX. HEALTH & SAFETY CODE ANN. § 481.105(1) (emphasis added).

Jones asserts that the body of the indictment does not allege delivery of a

controlled substance in Penalty Group 4,[4] nor does it mention the nonnarcotic promethazine as the "one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture, or preparation valuable medicinal qualities other than those possessed by the narcotic drug alone." Thus, Jones concludes, his judicial confession to the offense charged in the indictment is insufficient to support the conviction for the first-degree felony offense of possession of a Penalty Group 4 controlled substance with intent to deliver under section 481.114(a, d). That statute provides in part:

> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 3 or 4.
>
> ….
>
> (d) An offense under Subsection (a) is a felony of the first degree, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 200 grams or more but less than 400 grams.

TEX. HEALTH & SAFETY CODE ANN. § 481.114(a, d).

To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). Jones admitted that he sold the promethazine with codeine for cash, and the DPS lab report, which was admitted, proved the controlled substance, codeine, and the liquid amount weight of 228.53 grams.

---

[4] The indictment's caption reads in part: "Charge: **MAN/DEL CONT SUB PG 4 200-400 GRAMS**."

The plea agreement that Jones signed states that he "agrees to plead guilty to the offense … of Man/Del CS PG 4 200-400g … ."  At the punishment hearing, after Jones was sworn, the following occurred:

> THE COURT:  It was on May the 15th.  Do you remember signing this document that I've got in front of me called Defendant's Plea of Guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT:  And you understand that I'm the person that's going to make the decision about your punishment today?  And that's what you want to do, right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay.  Let me ask you this, sir:  The State – ma'am, do you need to sit down?
>
> Okay. The State alleges that back on December 1st of 2011, here in Brazos County, Texas, you possessed -- knowingly possessed with the intent to deliver a compound mixture or preparation in an amount of more than 200 grams but less than 400 grams, that contained not more than 200 milligrams of codeine per 100 milliliters or 100 grams and included one or more non-narcotic active medicinal ingredients of codeine.
>
> Do you understand that charge of manufacture and delivery of controlled substance, specifically codeine?  Do you understand that charge against you?
>
> THE DEFENDANT: I guess I do, Your Honor.  I didn't know at first it was a controlled substance, but yes, sir.
>
> THE COURT:  But you understand that's what you're charged with?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT:  And how do you plead to that charge?
>
> THE DEFENDANT: Guilty.

We agree with the State that Jones's judicial confession and the above evidence,

including Jones's sworn answers to the trial court about the charge he was pleading guilty to, embrace every constituent element of the offense charged in the indictment and is thus sufficient to support Jones's felony conviction based upon his guilty plea. We overrule his sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray concurs in the judgment to the extent it affirms the judgment
      of the trial court. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed August 31, 2015
Do not publish
[CR25]

